IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EVONIK DEGUSSA CORP.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0833-WS-B |
| | ) |
| **QUALITY CARRIERS, INC.,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on plaintiff Evonik Degussa Corp.'s Motion to Strike (doc. 13). In its Motion, plaintiff requests that Exhibits B and C to the Notice of Removal (doc. 1) filed by defendant Quality Carriers, Inc. be stricken from both the court file and "from any record in this case" because they constitute "confidential settlement negotiations." (Doc. 13.) Review of the exhibits in question reveals that they consist of two perfunctory communications (one by letter, one by email) between the parties concerning settlement demands and offers.

Plaintiff has identified no authority of any kind in support of its Motion to Strike. To be sure, Rule 408, Fed.R.Evid., generally renders settlement negotiations inadmissible "to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." *Id.* But the issue of the admissibility of Exhibits B and C is not before the Court; rather, the question presented by Evonik Degussa is whether those exhibits should be stricken from the court file in its entirety. Such requests are ordinarily governed by Rule 12(f), Fed.R.Civ.P., which authorizes district courts to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." *Id.* However, "[s]triking matter on Rule 12(f) grounds is a drastic, disfavored remedy." *English v. CSA Equipment Co.*, 2006 WL 2456030, *2 n.5 (S.D. Ala. Aug. 22, 2006); *see also Stephens v. Trust for Public Land*, 479 F. Supp.2d 1341, 1346 (N.D. Ga. 2007) (noting that a motion to strike is a "drastic remedy" and that such motions "are rarely granted absent a showing of prejudice"); *BB In Technology Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (opining that Rule 12(f) motions "will usually be denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *Carlson Corporation/Southeast v. School Bd. of Seminole County, Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (characterizing motions to strike as "time wasters" and observing that such motions "will usually be denied").

Plaintiff's Motion to Strike justifies the relief sought merely by designating those exhibits as "confidential settlement negotiations." However, neither of those communications is marked "confidential" and plaintiff has failed to demonstrate that it undertook any reasonable efforts to safeguard those discussions from dissemination to third parties. Simply characterizing a document as confidential, without more, does not make it so. Nor does it warrant the disfavored remedy of striking the document from the court file under Rule 12(f), particularly where (as here) there has been no showing that the movant undertook any efforts to preserve the confidentiality of that document at the time of its creation, no allegation (much less a showing) of prejudice, no legal analysis of any kind, and no showing that any of the Rule 12(f) considerations are satisfied.

Accordingly, and without abridging plaintiff's right to challenge admissibility of those exhibits in any motion to remand or other proceedings herein, the Motion to Strike (doc. 13) is **denied**.

DONE and ORDERED this 13th day of December, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE